# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS MAJDA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BRENNA M. MORAY, <br><br> Defendant. | 8:16CV363 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 71, filed by Defendant Brenna Moray. For the reasons stated below, the Motion will be granted.

## BACKGROUND

On April 18, 2014, Plaintiff Thomas Majda, Jr., injured his ankle on concrete stairs while moving furniture into a rental property owned by Defendant Brenna Moray, located in Omaha, Nebraska. The stairs leading to Moray's rental property were in poor condition. At the time of the injury, Moray leased the property to Thomas Majda, III[1], Samuel Troia, Charles O. Lutz-Priefert, and Patrick Buckley (collectively, the Tenants).

On July 22, 2016, Plaintiff filed this negligence action against Moray, invoking the Court's diversity jurisdiction. Moray filed a Third-party Complaint against the Tenants, ECF No. 14, claiming they were liable to Moray for any damages awarded to Plaintiff. The Court dismissed the Third-Party Complaint pursuant to Neb. Rev. Stat. § 25-

---

[1] The Plaintiff, Thomas Majda Jr., is the father of Thomas Majda, III.

21,185.11[2] because the Tenants had signed release-of-liability agreements wherein Plaintiff agreed to release the Tenants from all liability for the injuries he suffered on Moray's property. Memorandum and Order, ECF No. 70. Accordingly, the only remaining claims in this case are those asserted in Plaintiff's Complaint, ECF No. 1, against Moray.

The Complaint claims Moray negligently failed to repair or make safe the concrete stairs on which Plaintiff fell and that Moray negligently failed to warn others that the concrete stairs presented a dangerous condition. Moray's Motion argues she is entitled to judgment as a matter of law on Plaintiff's negligence claims. Plaintiff did not respond to the Motion.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v.*

---

[2] "A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall preclude that person from being made a party or, if an action is pending, shall be a basis for that person's dismissal, but the person's negligence, if any, shall be considered in accordance with section 25-21,185.09." Neb. Rev. Stat. § 25-21, 185.11.

2

*Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

**DISCUSSION**

As an initial matter, the Court concludes that Nebraska law applies to Plaintiff's negligence claims. Plaintiff did not respond to Moray's Motion for Summary Judgment and, therefore, does not dispute Moray's contention that Nebraska law applies. *See Budler v. Gen. Motors Corp.*, 400 F.3d 618, 620 (8th Cir. 2005) (applying Nebraska law in a diversity action where there "was no dispute that Nebraska law applies").[3]

"In order to recover in a negligence action [under Nebraska law], a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Benard v. McDowall, LLC*, 904 N.W.2d 679, 685 (Neb. 2017) (quoting *A.W. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 913 (Neb. 2010)).

---

[3] Even if Majda had attempted to raise a conflict-of-laws issue, the Nebraska conflict-of-laws rules would require the Court to apply Nebraska law. This Court must follow Nebraska's conflict-of-laws rules, *In re Derailment Cases*, 416 F.3d 787, 794 (8th Cir. 2005) (citing *Modern Comput. Sys., Inc. v. Modern Banking Sys., Inc.*, 858 F.2d 1339, 1342 (8th Cir. 1988)), and, in Nebraska, "[s]ection 146 [of the Restatement (Second) of Conflict of Laws] applies to 'personal injuries that are caused either intentionally or negligently . . . .'" *In re Derailment Cases*, 416 F.3d at 794 (quoting Restatement (Second) of Conflict of Laws § 146 cmt. a (Am. Law. Inst. 1971)). Section 146 "presumes that the law of the state where the injury occurred determines the rights and liabilities of the parties 'unless, with respect to the particular issue, some other state has a more significant relationship under principles stated in § 6 to the occurrence and the parties.'" *In re Derailment Cases*, 416 F.3d at 794-95 (quoting Restatement (Second) of Conflict of Laws § 146). Under these rules, the Court finds Nebraska law would apply to Plaintiff's negligence claims.

Moray contends Plaintiff's claim for negligent failure to repair and make safe as well as his claim for negligent failure to warn must be dismissed because she owed Plaintiff no legal duty to take either course of action with respect to the concrete staircase. "The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation." *Id.*

I. **Lessor's Negligent Failure to Repair or Make Safe**

"As a general rule, in the absence of a statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property." *Benard*, 904 N.W.2d at 687 (quoting *Tolbert v. Jamison*, 794 N.W.2d 877, 885 (Neb. 2011). "[I]n the absence of an express agreement to the contrary, a lessor does not warrant the fitness or safety of the premises and the lessee takes them as he or she finds them." *Id.* "Section 356 of the Restatement [(Second) of Torts] notes . . . several exceptions to the nonobligation of the landlord." *Benard*, 904 N.W.2d at 687.

Plaintiff failed to respond to Moray's Motion for Summary Judgment; thus, he has not raised any exception to the general rule stated above. Moray addressed the covenant exception and argued that the general rule applies in this case because the Rental Agreement, ECF No. 73-1, between Moray and the Tenants did not require Moray to make any particular repairs or to keep the property in good repair, generally. *See Benard*, 904 N.W.2d at 407-08 (quoting Restatement (Second) of Torts § 357 (Am. Law Inst. 1965)) (A lessor may be liable for physical harm to the lessee or others if the lessor "contracted by a covenant in the lease or otherwise to keep the land in repair[.]").

5

The Court agrees; there is no provision in the Rental Agreement that requires Moray to make any repairs. Further, it is undisputed that at the time of Plaintiff's injury, the Tenants were in full control and possession of the leased property. Thus, the covenant exception to the general rule did not impose a legal duty upon Moray to repair and make safe the staircase at issue. No other exception to the general rule has been raised. Therefore, the Court will dismiss Plaintiff's claim for negligent failure to repair and make safe.

## II. Lessor's Negligent Failure to Warn

"In Nebraska, the obligation of a landlord to warn of a dangerous condition on leased premises is based on the Restatement (Second) of Torts § 358 (1965)." *Benard*, 904 N.W.2d at 405. Section 358 provides

> (1) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others upon the land with the consent of the lessee or his sublessee for physical harm caused by the condition after the lessee has taken possession, if
>
> > (a) the lessee does not know or have reason to know of the condition or the risk involved, and
> >
> > (b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.

Restatement (Second) of Torts § 358 (Am. Law Inst. 1965).

It is undisputed that at least one of the Tenants, Thomas Majda, III, knew the concrete staircase at issue was in disrepair. Majda III Depo., ECF No. 73-2, Page ID 263, 283, 305. It is also undisputed that the deteriorated condition of the stairs was

6

clearly observable. ECF No. 73-3, Page ID 361-62. Based on this undisputed evidence, Plaintiff cannot, as a matter of law, establish Subsections (1)(a) or (1)(b) of Section 358. Accordingly, Moray had no obligation to warn of the deteriorated condition of the concrete staircase, and Plaintiff's claim for negligent failure to warn will be dismissed.

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 71, filed by Defendant Brenna Moray, is granted;
2. This action is dismissed, with prejudice; and
3. A separate Judgment will be entered.

Dated this 6th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge