# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS MAJDA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BRENNA M. MORAY, <br><br> Defendant. | 8:16CV363 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Reconsideration of Judgment on Motion for Summary Judgment, ECF No. 76, filed by Plaintiff Thomas Majda, Jr. For the reasons stated below, the Motion will be denied.

## BACKGROUND

Plaintiff does not ask the Court to revise its factual recitation. The Court incorporates its background discussion from its Memorandum and Order, ECF No. 74, granting summary judgment in favor of Defendant Brenna Moray by reference, and provides the following summary:

On July 22, 2016, Plaintiff filed his Complaint and asserted a claim for negligence against Defendant Brenna Moray under Nebraska law. On March 6, 2018, the Court granted Moray's Motion for Summary Judgment and dismissed this action with prejudice. ECF No. 74. Plaintiff failed to respond to Moray's Motion for Summary Judgment and now requests relief from that final judgment under Fed. R. Civ. P. 60(b)(1) for "excusable neglect." Specifically, Plaintiff asks the Court to vacate its final judgment, reopen this case, and permit him to submit a brief in opposition to Moray's Motion for Summary Judgment. ECF No. 76.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, "Rule 60(b) authorizes relief in only the most exceptional cases." *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015). The Eighth Circuit has "identified two components of excusable neglect: '(1) neglect or noncompliance . . . (2) that is excusable." *Id.* (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)). Courts consider the following factors when analyzing whether conduct is "excusable": "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Kratville*, 796 F.3d at 896 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These "factors do not carry equal weight; the reason for delay is a key factor in the analysis." *Kratville*, 796 F.3d at 896 (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). "The existence of a meritorious defense is also a relevant factor." *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006). Rule 60(b) is not "a vehicle for relief because of an attorney's incompetence or carelessness*." Kratville*, 796 F.3d at 896 (quoting *Inman v. Am Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (emphasis excluded)).

## DISCUSSION

Plaintiff's counsel states that he neglected to respond to Moray's summary judgment motion because his staff failed to place the deadline on his calendar. He also

notes that he was tending to several other cases and he was forced to implement new case management and scheduling software in December of 2017 after the dissolution of a partnership. Moray moved for summary judgment on January 5, 2018. ECF No. 71.

The parties agree, and the Court does not doubt, that Plaintiff's counsel acted in good faith at all times. Moray does not contend that she would suffer any meaningful prejudice if the Court granted Plaintiff's Rule 60(b)(1) motion. However, this Court's local rules clearly provide that "[a] brief opposing a motion . . . for summary judgment must be filed and served within 21 days after the motion and supporting brief are filed and served[,]" NECivR. 7.1(b)(1)(B), and "the failure to follow the clear dictates of a court rule [does not] constitute[ ] excusable neglect[,]" *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Further, compliance with NECivR. 7.1(b)(1)(B) was in counsel's reasonable control, which is the key factor to be considered. *Kratville*, 796 F.3d at 896. As such, the Court finds that Plaintiff has failed to demonstrate excusable neglect under Fed. R. Civ. P. 60(b)(1).

Plaintiff also contends that the Court must grant his motion under Rule 60(b)(1) because he had a meritorious defense to the motion for summary judgment. He argues that his claim against Moray for failure to repair or make safe the concrete stairs at issue should not have been dismissed because the International Residential Building Code (IRBC) imposed a tort duty upon Moray, as a landlord, to repair the stairs and make them safe. Pl.'s Br. Mot. Reconsider, ECF No. 81, Page ID 433 ("Plaintiff here argues that the source of that duty is the statute adopting the building codes."). Yet, Plaintiff failed to demonstrate that the IRBC imposes such a duty upon landlords under Nebraska law.

3

Plaintiff correctly points out that the Nebraska legislature adopted the IRBC in the Building Construction Act, Neb. Rev. Stat. § 71-6403, and he also correctly points out that a statute or ordinance may give rise to a tort duty, *see Tolbert v. Jamison*, 794 N.W.2d 877, 883 (Neb. 2011). The requirements of the IRBC, however, do not automatically give rise to a particular tort duty on the part of landlords to repair and make safe. *Stonacek v. City of Lincoln*, 782 N.W.2d 900, 909 (Neb. 2010) (citing *Claypool v. Hibberd*, 626 N.W.2d 539, 545 (Neb. 2001) ("Consideration of the Legislature's purpose in enacting a statute is central to the analysis of whether the statute defines a duty in tort."). The Nebraska Supreme Court has clearly explained:

> a statute . . . may give rise to a tort duty to act in the manner required by the statute where the statute is enacted to protect a class of persons which includes the plaintiff, the statute is intended to prevent the particular injury that has been suffered, and the statute is *intended by the Legislature to create a private liability as distinguished from one of a public character*.

*A.W. v. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 920 (Neb. 2010) (emphasis added).

Plaintiff's Rule 60(b)(1) motion concludes, without engaging in the foregoing analysis, that the IRBC[1] imposed a tort duty upon Moray to repair and make safe the

---

[1] The purpose of the Building Construction Act, which adopted the IRBC, is to:

(1) Adopt a state building code to govern the construction, reconstruction, alteration, and repair of buildings and other structures within Nebraska;

(2) Provide state standards to safeguard life, health, property, and the public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, and maintenance of buildings and structures within this state; and

(3) Provide for the use of modern and innovative methods, devices, materials, and techniques in the design and construction of buildings and other structures.

Neb. Rev. Stat. § 71-6402.

stairs at issue because § 76-1419(1)(a) of the Uniform Residential Landlord Tenant Act (URLTA), Neb. Rev. Stat. § 76-1401 *et seq.*, requires landlords to comply with "applicable minimum housing codes." However, § 76-1419(1) does not give rise to a civil tort duty. Neb. Rev. Stat. § 76-1419(1) ("The obligations imposed by this section are not intended to change existing tort law in the state."). With respect to the IRBC, Plaintiff has not identified any express terms that impose civil tort liability nor has he attempted to show that the Nebraska Legislature provided for such civil tort liability by implication. *Stonacek*, 782 N.W.2d at 909 ("[W]here the Legislature has not by its express terms or by implication provided for civil tort liability, under principles of judicial restraint, it is prudent that [courts] not do so."). Plaintiff has also not cited any case law in Nebraska which holds that the IRBC imposes any particular tort duty upon landlords. Thus, Plaintiff has failed to show he had a meritorious defense to the motion for summary judgment.

Accordingly, based on all of the relevant factors, the Court finds that Plaintiff has failed to demonstrate excusable neglect under Fed. R. Civ. P. 60(b)(1).

IT IS ORDERED: The Motion for Reconsideration of Judgment on Motion for Summary Judgment, ECF No. 76, filed by Plaintiff Thomas Majda Jr., is denied.

Dated this 20th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge